## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## ORANGEBURG DIVISION

Gregory Daniels,

                Plaintiff,

      v.

Warden of Allendale Correctional
Institution,

                Respondent.

Case No. 5:25-cv-12915-RMG


**ORDER & OPINION**


      This matter comes before the Court on the Report and Recommendation (R & R) of the Magistrate Judge (Dkt. No. 18), recommending that the petition for writ of habeas corpus be dismissed. Plaintiff filed no objections to the R & R. As set forth below, the Court agrees with the Magistrate Judge that this claim is a successive habeas petition in which the Court of Appeals has not authorized a successive filing. For the reasons stated below, the Court adopts the R & R as the order of the court and dismisses the habeas petition.

## I.    Background

      Petitioner Gregory Daniels is an incarcerated person proceeding pro se to seek habeas corpus relief pursuant to 28 U.S.C. § 2254. As the Magistrate Judge details, the instant Petition is the second habeas action filed by Petitioner challenging the same conviction. *See Daniels v. Warden*, C/A No.: 5:18-3064-RMG (D.S.C. Aug. 7, 2019) ("*Daniels I*"). In 2010 Petitioner was tried and found guilty by a jury of murder and possession of a weapon during the commission of a violent crime. He appealed his conviction and the South Carolina Supreme Court affirmed. Petitioner then filed and later amended an application for post-conviction relief, which the Circuit Court judge dismissed with prejudice following a hearing, finding in part that there was

1

overwhelming evidence of guilt in the face of any contention of ineffective assistance of counsel. *Id.*

Petitioner filed this *pro se* petition for writ of habeas corpus pursuant to 22 U.S.C. § 2254 on October 10, 2025. (Dkt. No. 1). The instant petition seeks a writ of habeas corpus on the same conviction that was addressed in *Daniels I.* The Magistrate Judge recommended dismissing the habeas petition because it is an impermissible successive petition. (Dkt. No. 18).

## II.    Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a de novo determination of those portions of the R & R or specified proposed findings or recommendations to which objection is made. *Diamond v. Colonial Life & Ace. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); accord Fed. R. Civ. P. 72(b).

## III.    Discussion

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), an individual may not file a second or successive petition for a writ of habeas corpus under 28 U.S.C. § 2254, without first receiving permission to do so from the appropriate circuit court of appeals. Pub. L. No. 104-132, 110 Stat. 1214.

As a preliminary matter, this is a successive habeas petition that falls under no exceptions. Furthermore, Petitioner neither sought nor was granted permission from the Fourth Circuit Court of Appeals to bring this successive petition.  Having fully consider the R & R, the record, and the

2

relevant legal standards, the Court finds that the Magistrate Judge ably and accurately set forth the legal and factual issues in this matter and correctly concluded that these claims are not cognizable on habeas review.

## IV.     Conclusion

In light of the foregoing, the Court **ADOPTS** the R & R (Dkt. No. 18) as the order of this Court and **DISMISSES** the habeas petition.

### Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right.

> (c)(3) The certificate of appealability ... shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

February 27, 2026
Charleston, South Carolina

3